FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 08, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

|  |  |
|---|---|
| MARIA P., on behalf of M.M.R.P., a minor child,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 4:19-CV-5289-JTR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment.  ECF No. 19, 20.  Attorney Chad Hatfield represents Maria P., who appears on behalf of her minor daughter, M.M.R.P. (Plaintiff); Special Assistant United States Attorney Sarah Moum represents the Commissioner of Social Security (Defendant).  The parties have consented to proceed before a magistrate judge.  ECF No. 7.  After reviewing the administrative record and briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## JURISDICTION

In May 2016, Maria P. filed an application for Supplemental Security Income (SSI) benefits, on behalf of Plaintiff, alleging Plaintiff had been disabled since September 15, 2010, due to ADHD, a mood disorder, and learning disabilities.  Tr. 234, 249.  Plaintiff's application was denied initially and upon reconsideration.

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

On August 29, 2018, an administrative hearing was held before Administrative Law Judge (ALJ) Carol G. Moore, at which time testimony was taken from Plaintiff, Maria P., and medical expert Ellen Rozenfeld, Ed.M., Psy.D. Tr. 44-88.  The ALJ issued a decision finding Plaintiff was not disabled on January 25, 2019.  Tr. 22-39.  The Appeals Council denied review on October 28, 2019. Tr. 1-5.  The ALJ's January 2019 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on December 30, 2019.  ECF No. 1.

### STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties.  They are only briefly summarized here.

Plaintiff was born on June 26, 2004, and was 11 years old on the date of the disability application, May 16, 2016.  Tr. 234.  At the administrative hearing, Plaintiff's mother, Maria P., testified Plaintiff was a middle child with four siblings, ages 22, 19, 7, and 3.  Tr. 50.  Maria P. indicated she first noticed Plaintiff having difficulties before she started attending school as she was quiet, would not play with other children, and would cry easily.  Tr. 51-52.  Maria P. stated Plaintiff had difficulty understanding her schoolwork and had been placed on an Individual Education Plan (IEP).  Tr. 53, 63.  Maria P. testified Plaintiff was behind in school, would not ask for help, and failed to complete her homework.  Tr. 54, 62.  At the time of the administrative hearing, Plaintiff was in the ninth grade and had never repeated a grade in school.  Tr. 52.  Maria P. stated Plaintiff also cut herself, Tr. 56, and had panic symptoms, Tr. 59, 66-67.  Plaintiff was attending mental health counseling and had previously taken medication for ADHD, but had discontinued the medication.  Tr. 55, 57, 59, 64-65.  Plaintiff enjoyed dance and had been on a dance team for two years.  Tr. 61, 68.

1

## STANDARD OF REVIEW

2    The ALJ is responsible for determining credibility, resolving conflicts in

3    medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035,

4    1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with

5    deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*,

6    201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed

7    only if it is not supported by substantial evidence or if it is based on legal error.

8    *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is

9    defined as being more than a mere scintilla, but less than a preponderance. *Id.* at

10   1098. Put another way, substantial evidence is such relevant evidence as a

11   reasonable mind might accept as adequate to support a conclusion. *Richardson v.*

12   *Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one

13   rational interpretation, the Court may not substitute its judgment for that of the

14   ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*,

15   169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the

16   administrative findings, or if conflicting evidence supports a finding of either

17   disability or non-disability, the ALJ's determination is conclusive. *Sprague v.*

18   *Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision

19   supported by substantial evidence will be set aside if the proper legal standards

20   were not applied in weighing the evidence and making the decision. *Brawner v.*

21   *Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

22   ## SEQUENTIAL EVALUATION PROCESS

23   The Social Security Act provides that a child under 18 is "disabled" for

24   purposes of SSI eligibility if she "has a medically determinable physical or mental

25   impairment, which results in marked and severe functional limitations, and which

26   can be expected to result in death or which has lasted or can be expected to last for

27   a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i).

28   ///

The Commissioner follows a three-step sequential process in determining childhood disability: (1) whether the child is engaged in substantial gainful activity; (2) if not, whether the child has a medically determinable severe impairment; (3) and, if so, whether the child's severe impairment meets, medically equals, or functionally equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. § 416.924.

If the Commissioner determines at step three that the claimant has an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, the analysis ends there.  If not, the Commissioner decides whether the child's impairment results in limitations that functionally equal a listing.  20 C.F.R. § 416.926a(a).  In determining whether an impairment or combination of impairments functionally equal a listing, the Commissioner assesses the claimant's functioning in terms of six domains:  (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being.  20 C.F.R. § 416.926a(b)(1).

When evaluating the ability to function in each domain, the ALJ considers information that will help answer the following questions "about whether your impairment(s) affect your functioning and whether your activities are typical of other children your age who do not have impairments":

(i) What activities are you able to perform?

(ii) What activities are you not able to perform?

(iii) Which of your activities are limited or restricted compared to other children your age who do not have impairments?

(iv) Where do you have difficulty with your activities – at home, in childcare, at school, or in the community?

(v) Do you have difficulty independently initiating, sustaining, or completing activities?

(vi) What kind of help do you need to do your activities, how much help do you need, and how often do you need it?

20 C.F.R. § 416.926a(b)(2)(i)-(vi).

The evaluation of functional equivalence begins "by considering the child's functioning without considering the domains or individual impairments."  Title XVI:  Determining Childhood Disability Under the Functional Equivalence Rule – The "Whole Child" Approach, SSR 08-1p, 2009 WL 396031 * 1 (Feb. 17, 2009). The rules provide that "[w]hen we evaluate your functioning and decide which domains may be affected by your impairment(s), we will look first at your activities and limitations and restrictions."  *Id*. citing 20 C.F.R. § 416.926a(c).  The rules instruct the Commissioner to:

> Look at information we have in your case record about how your functioning is affected during all your activities when we decide whether your impairment or combination of impairments functionally equals the listings.  Your activities are everything you do at home, at school, and in your community.

*Id*. citing 20 C.F.R. § 416.926a(b).  The severity of limitation in each affected functional domain is then considered.  This technique is called the "Whole Child" approach.

### ADMINISTRATIVE DECISION

On January 25, 2019, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since the application date, May 16, 2016.  Tr. 25.

At step two, the ALJ determined Plaintiff suffered from the following severe impairments:  attention deficit hyperactivity disorder, depression, anxiety disorder, oppositional defiant disorder, learning disorder, and asthma.  Tr. 25.

The ALJ found at step three that the evidence of record demonstrated Plaintiff's impairments did not meet, medically equal, or functionally equal the criteria of any of the Listings impairments.  Tr. 26.  With regard to functional equivalence, the ALJ concluded Plaintiff had a marked limitation in acquiring and using information, but less than a marked limitation in attending and completing tasks, no limitation in interacting and relating with others, no limitation in moving about and manipulating objects, less than a marked limitation in caring for herself, and no limitation in health and physical well-being.  Tr. 33-39.  The ALJ thus determined Plaintiff's impairments did not result in two marked limitations or one extreme limitation in any of the six domains.  Tr. 39.  Accordingly, the ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the May 16, 2016 disability application date, through the date of the ALJ's decision, January 25, 2019.  Tr. 39.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff raises the following issues for the Court's review:  (1) Did the ALJ err in improperly rejecting the opinions of Plaintiff's medical providers; (2) Did the ALJ err by failing to conduct an adequate evaluation, failing to meet her duty to develop the record, and denying Plaintiff due process at step three; (3) Did the ALJ err by failing to find Plaintiff disabled as functionally equaling the severity of Listings 112.04, 112.06, and/or 112.11; and (4) Did the ALJ err by rejecting the disabling testimony of Plaintiff's mother.  ECF No. 19 at 8.

## DISCUSSION

### A.    Medical Opinion Evidence

Plaintiff asserts the ALJ erred by rejecting the opinion of her treating mental healthcare provider, Amelia Visaya, MA, LMHC, and instead relying on the

opinion of the medical expert, to find Plaintiff had less than a marked limitation in the domain of "caring for oneself." ECF No. 19 at 10-11. Defendant responds that the ALJ reasonably discounted Ms. Visaya's opinion as inconsistent with the evidence of record, ECF No. 20 at 12, and reasonably evaluated the opinion of medical expert Rozenfeld, ECF No. 20 at 3-5.

On June 27, 2018, Ms. Visaya completed a "Medical Report for Child" form provided by Plaintiff's attorney. Tr. 435-437. On the form, and inconsistent with the conclusions of the ALJ, Ms. Visaya marked that Plaintiff had a less than marked limitation with acquiring/using information, Tr. 435, and a marked limitation with caring for herself, Tr. 436.

As a mental health counselor, Ms. Visaya is not an acceptable medical source. 20 C.F.R. § 416.927(a). The opinion of a medical source who is not an acceptable medical source may be discounted with reasons germane to each source. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (cited cases omitted).

The ALJ accorded "less weight" to the form report of Ms. Visaya because her findings were unsupported by the evidence of record. Tr. 30-31.

With respect to the domain of caring for oneself, Ms. Visaya wrote that Plaintiff struggled with being behaviorally active and not socially engaging with others. Tr. 436. However, as noted by the ALJ, the record shows Plaintiff interacted socially with family and friends: she "enjoyed basketball, football, dance, singing and hanging out with friends," Tr. 469; enjoyed being on her phone, hanging out with friends and going for walks, Tr. 441; and had participated in her school's dance team, Tr. 61, 68, 382. Tr. 26, 29, 31. Moreover, contrary to Ms. Visaya's opinion, Plaintiff's school teachers indicated Plaintiff had no problem interacting and relating with others. Tr. 26, 31, 257-258, 282-283.

///

///

ORDER GRANTING DEFENDANT'S MOTION . . . - 7

The Court finds the ALJ provided germane reasons for affording less weight to Ms. Visaya's opinions, and the ALJ's rationale is substantiated by the evidence of record.

Plaintiff next asserts the ALJ improperly relied on the "equivocal testimony" of medical expert Ellen Rozenfeld, Ed.M., Psy.D., which was not supported by substantial evidence. ECF No. 19 at 11. Defendant asserts Dr. Rozenfeld's testimony is fully supported. ECF No. 20 at 3-5.

Dr. Rozenfeld opined Plaintiff had a marked limitation in acquiring/using information and less than marked limitation in caring for herself. Tr. 71, 76. The ALJ agreed with Dr. Rozenfeld's assessment of the domains of functioning. Tr. 32.

Plaintiff's briefing argues Dr. Rozenfeld did not have access to the updated IEP and school records. ECF No. 19 at 11; ECF No. 21 at 3. Although Dr. Rozenfeld's testimony suggests uncertainty about what IEPs she was able to review, Tr. 79, 82, Dr. Rozenfeld testified she reviewed Exhibit 6F, Tr. 71-72, which contains the Kennewick School District 2017 IEP, Tr. 411. As noted by Defendant, Plaintiff's briefing does not point to any other school records within the administrative record that Dr. Rozenfeld failed to review or that would meaningfully undermine Dr. Rozenfeld's testimony. ECF No. 20 at 4-5.

It is undisputed Dr. Rozenfeld acknowledged she did not know Plaintiff's level of absenteeism during the 2017-2018 school year. Tr. 82. Nevertheless, Dr. Rozenfeld noted Plaintiff's "excessive absenteeism," Tr. 83, and indicated the multiple absences from school were not specifically linked to a medically determinable mental impairment, Tr. 83, and that Plaintiff had gone for significant periods without taking any mental health medications, Tr. 69-70, 73. Tr. 32. Furthermore, Plaintiff's opening brief fails to specify how Dr. Rozenfeld's finding of less than a marked limitation in the domain of caring for oneself is unsupported by the evidence of record. In fact, Plaintiff's reply brief argues her academic

records establish she had a marked limitation "in attending and completing tasks," ECF No. 21 at 3-4, not in the domain of caring for oneself as asserted in the initial briefing.

Although Plaintiff contends the ALJ should have interpreted the evidence differently, the Court finds the ALJ rationally weighed the medical opinion evidence and properly made functional equivalence findings consistent with Dr. Rozenfeld's opinions.  While the Court "must do more than merely rubberstamp the ALJ's decision[,]" *Winans v. Bowen*, 853 F.2d 643, 645 (9th Cir. 1988), if there is sufficient evidence to support the ALJ's outcome, the Court cannot substitute its own determination for that of the ALJ, *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) ("[I]f evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld.").

**B.    Step Three**

Plaintiff contends the ALJ erred at step three of the sequential evaluation process by failing to mention the paragraph B criteria, failing to meet her duty to develop the record, and violating Plaintiff's due process rights.  ECF No. 19 at 11-13.  Defendant asserts the ALJ satisfied her record development and discussion duties.  ECF No. 20 at 5-7.

**1.    Paragraph B Criteria**

Plaintiff argues the ALJ's step three findings fail to mention the paragraph B criteria of (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; or (4) adapt or manage oneself.  ECF No. 19 at 12.  Defendant responds that Plaintiff is mistaken as the ALJ's decision addresses the paragraph B criteria.  ECF No. 20 at 5-6.

A review of the ALJ's decision indicates the ALJ addressed the paragraph B criteria in her decision at Tr. 26.  Plaintiff's assertion to the contrary is without merit.

///

### 2.    Duty to Develop Record

Plaintiff contends a remand is required to obtain a psychological evaluation, reevaluate (or order complete) psychological testing results, resolve any ambiguities in the record, and conduct an adequate analysis of the evidence.  ECF No. 19 at 13.  Defendant asserts the Court should reject Plaintiff's cursory argument in this regard.  ECF No. 20 at 7.

It is Plaintiff's duty to prove disability.  *See* 20 C.F.R. § 404.1512(a).  An ALJ's duty to develop the record is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).

The Court finds the record before the ALJ was neither ambiguous nor inadequate to allow for proper evaluation of the evidence.  The ALJ did not err by failing to further develop the record in this case.

### 3.    Due Process

Plaintiff next argues the ALJ violated her due process rights by not giving her counsel an opportunity to cross-examine her at the administrative hearing.  ECF No. 19 at 12.  Defendant asserts Plaintiff waived any due process claim by failing to raise the issue at the hearing, post-hearing, or to the Appeal Council, and, even assuming a due process violation, failed to show any resultant prejudice.  ECF No. 20 at 6-7.

"[A]pplicants for social security benefits are entitled to due process in the determination of their claims."  *Holohan v. Massanari*, 246 F.3d 1195, 1209 (9th Cir. 2001).  The Social Security Act provides that claimants are entitled to a hearing in which witnesses may testify and evidence may be received.  42 U.S.C. 405(b)(1).  Hearing procedures may be informal, but they must be "fundamentally fair."  *Richardson v. Perales*, 402 U.S. 389, 401-402 (1971).  "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner."  *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (internal

ORDER GRANTING DEFENDANT'S MOTION . . . - 10

quotation marks omitted); *see also Martise v. Astrue*, 641 F.3d 909, 921-922 (8th Cir. 2011) ("procedural due process requires disability claimants to be afforded a full and fair hearing"); *Ferriell v. Comm'r*, 614 F.3d 611, 620 (6th Cir. 2010) ("In the context of a social security hearing, due process requires that the proceedings be full and fair.").

Defendant first cites *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999) and argues Plaintiff waived the right to raise the due process issue here because she did not preserve it by raising it earlier. ECF No. 20 at 6. The claimant in *Meanel* attempted to raise new statistical evidence, showing there was an insufficient number of surveillance systems monitor positions in her local area, that she failed to raise at both her hearing before the ALJ and the Appeals Council. The *Meanel* Court determined the claimant had waived her argument because appellants must raise all issues at their administrative hearings in order to preserve them on appeal. *Meanel*, 172 F.3d at 1115. While the *Meanel* Court found "issues" must be raised at the administrative level, the context is in regard to facts that are fundamentally within an ALJ's purview; i.e., statistical evidence showing one is disabled. *Id*. As the Court previously held in another case in this district (*David S. v. Saul*, 1:19-CV-03009-JTR), the Social Security Act does not require issue exhaustion for constitutional claims at the administrative level. *See Bizarre v. Berryhill*, 364 F. Supp. 3d 418 (M.D. Pa. 2019); *Bradshaw v. Berryhill*, 372 F. Supp. 3d 349 (E.D. N.C. 2019). The Court is persuaded by the rationale in *Bizarre* and *Bradshaw* and thus finds the due process issue has not been waived in this case.

Here, the ALJ thoroughly examined the minor Plaintiff's mother regarding Plaintiff's functioning. Tr. 50-64. Plaintiff's counsel then had an opportunity to follow up and noted Plaintiff's mother had "answered a lot of questions." Tr. 64-68. At the end of the hearing, the ALJ mentioned she would like to "say hello" to Plaintiff. Tr. 84. The ALJ conversed with Plaintiff, Tr. 84-87, briefly chatted with Plaintiff's mother and Plaintiff's counsel, Tr. 87, and concluded the hearing. At no

time did the ALJ abruptly cut off Plaintiff's testimony or indicate counsel was precluded from questioning Plaintiff.  Plaintiff's counsel did not request to question Plaintiff at the time of the hearing, did not object to the closing of the hearing, and did not subsequently raise an objection to not being given an opportunity to cross-examine Plaintiff.  It appears the administrative hearing was fundamentally fair.

Furthermore, Plaintiff has not identified any specific symptoms or limitations the ALJ failed to address in the decision that Plaintiff could have addressed at the time of the hearing.  Plaintiff has not demonstrated any resultant prejudice.

Accordingly, the Court finds there was no violation of Plaintiff's due process rights in this case.

**C.    Lay Testimony of Plaintiff's Mother, Maria P.**

Plaintiff contends the ALJ erred by rejecting the testimony of Plaintiff's Mother, Maria P.  ECF No. 19 at 17-20.  Defendant responds that the ALJ's assessment of the statements of Maria P. was sufficient.  ECF No. 20 at 13-14.

In childhood disability cases, where the child is unable to adequately describe her symptoms, the Commissioner accepts the testimony of the person most familiar with the child's condition, such as a parent.  *Smith ex rel. Enge v. Massanari*, 139 F.Supp.2d 1128, 1134 (9th Cir. 2001).  In the Ninth Circuit, the testimony of third parties, including parents of child claimants, is evaluated under the standard applicable to lay witnesses.  *See Merrill ex rel. Merrill v. Apfel*, 224 F.3d 1083, 1086 (9th Cir. 2000) (citing *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)); *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) ("Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so.").  When an ALJ discounts a
///

parent's testimony, she must give reasons that are "germane" to that witness. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

The ALJ discounted Maria P.'s statements because they were not supported by the objective medical evidence and Plaintiff's school records.  Tr. 32-33. Objective medical evidence provides a valid basis for discounting lay witness testimony.  *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) ("One reason for which an ALJ may discount lay testimony is that it conflicts with medical evidence."); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (inconsistency with medical evidence is a germane reason for discrediting lay witness).

The ALJ, relying on medical and educational records, noted gaps in Plaintiff's treatment history; that Plaintiff had gone for significant periods without taking psychotropic medication; that school records did not indicate Plaintiff had behavioral issues to the degree indicated by her mother; that multiple unaccounted for school absences and Plaintiff's failure to complete class assignments and not turn in completed assignments negatively affected her academic progress, but there was no link between this behavior and a medically determinable impairment; and that while Plaintiff had an IEP and received accommodations at school, she had not repeated any grades and formal testing indicated low average to average intellectual ability.  Tr. 27-33.  The rationale of the ALJ is supported by the evidence of record.

Plaintiff argues the ALJ mischaracterized the record, citing the ALJ's indication that Plaintiff "made 'good' grades other than a 'D' in her least favorite subject," Tr. 30, despite other evidence of numerous failing grades during the relevant time period, Tr. 423.  ECF No. 19 at 19.  However, this notation by the ALJ is a restatement of information detailed within a March 2017 treatment record. *See* Tr. 443 (stating "Grades are 'Good. Only one D' in her least favorite subject"). The ALJ did not inaccurately characterize the record by restating information

specifically contained in a treatment note.  Moreover, although the record reflects evidence that Plaintiff had some failing grades, she has also had many passing grades, including some A's, Tr. 423, and, as noted by the ALJ, despite Plaintiff's absences and failure to complete or turn in assignments, she has never had to repeat a grade in school.

The Court finds the ALJ provided germane reasons, supported by substantial evidence, for finding Maria P.'s statements regarding the severity and persistence of Plaintiff's symptoms and limitations were unsupported.

**D.    Functional Equivalence**

Plaintiff contends the ALJ erred by failing to properly assess the functional domains in this case.  ECF No. 19 at 13-17.  Plaintiff argues, in addition to the marked limitation found by the ALJ in acquiring and using information, Tr. 33-34, she had marked limitations in two other domains: "attending and completing tasks" and "ability to care for herself;" therefore, her severe impairments functionally equaled the Listings.  *Id.*  Defendant asserts the ALJ properly evaluated the domains of functioning.  ECF No. 20 at 7-12.

To functionally equal the Listings, the claimant's impairment or combination of impairments must result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain.  20 C.F.R. § 416.926a(d).  A "marked limitation" in a domain results when the child's impairment "interferes seriously" with the ability to independently initiate, sustain or complete activities. 20 C.F.R. § 416.926a(e)(2).  An "extreme limitation" in a domain results when the child's impairment interferes "very seriously" with the ability to independently initiate, sustain or complete activities.  20 C.F.R. § 416.926a(e)(3).

The ALJ weighed the medical records, Plaintiff's educational records, and the opinion evidence and found Plaintiff had less than marked limitations in the functional domains of attending and completing tasks and caring for herself.  Tr. 34-35, 37-38.  Plaintiff challenges these two findings.

ORDER GRANTING DEFENDANT'S MOTION . . . - 14

### 1.    Attending and Completing Tasks

Plaintiff asserts the ALJ erred by finding Plaintiff had less than a marked limitation in the functional domain of attending and completing tasks.  ECF No. 21 at 13-16.

In the domain of attending and completing tasks, an ALJ considers "how well you are able to focus and maintain your attention, and how well you begin, carry through, and finish your activities, including the pace at which you perform activities and the ease with which you change them."  20 C.F.R. § 416.926a(h).  A claimant may be limited in attending and completing tasks if she (1) is easily startled, distracted, or overreactive to sounds, sights, movements, or touch; (2) is slow to focus on or fails to complete activities of interest to her; (3) repeatedly becomes sidetracked from her activities or frequently interrupts others; (4) is easily frustrated and gives up on tasks, including ones she is capable of completing; or (5) requires extra supervision to keep her engaged in an activity.  20 C.F.R. § 416.926a(h)(3)(i)-(v).  However, "[a]s in any case, your limitations must result from your medically determinable impairment(s)."  20 C.F.R. § 416.926a(h)(3).

The ALJ's finding that Plaintiff had a less than marked limitation in this functional domain is supported by the opinion of all medical professionals of record, including the medical expert Dr. Rozenfeld, Tr. 73, Ms. Visaya, Tr. 434 (noting Plaintiff "is able to focus during appointments and answers direct questions in conversation with therapist"), and the state agency psychologists, Tr. 94, 105. Tr. 31-32.  Significantly, the medical expert noted Plaintiff had gone for significant periods without taking any mental health medications despite a history of ADHD, Tr. 69-70, 73, and that her school absences were not specifically linked to a medically determinable mental impairment, Tr. 83.  Tr. 32, 35.  As determined by the ALJ, Plaintiff's school records indicate she was capable of learning adequately if motivated to do so.  Tr. 35.

///

Plaintiff asserts her IEPs, Tr. 371-377, 411-420, and a teacher questionnaire completed by Laura Montemayor-Vierra, Tr. 256, support a finding of a marked limitation in attending and completing tasks.  However, as argued by Defendant, ECF No. 20 at 9-10, and supported by the testimony of the medical expert, Tr. 78-79, the IEPs providing for one-on-one instruction and Plaintiff's test scores appear to relate to Plaintiff's comprehension and resulted in a finding of a marked impairment in domain 1, acquiring and using information, not in attending and completing tasks.  With respect to the teacher questionnaire form, while Ms. Montemayor-Vierra noted serious problems with Plaintiff's completion of work, Tr. 256, Plaintiff's ELA/Math teacher found "no problem" in the same areas with respect to attending and completing tasks, Tr. 281.  The record before the Court does not definitively establish Plaintiff had a marked impairment in attending and completing tasks.  *See Lewis*, 498 F.3d at 911 ("[I]f evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld.").

## 2.    Caring for Oneself

Plaintiff asserts the ALJ additionally erred by finding Plaintiff had a less than marked limitation in the functional domain of caring for oneself.  ECF No. 19 at 16-17.

In the domain of caring for oneself, an ALJ considers "how well you maintain a healthy emotional and physical state, including how well you get your physical and emotional wants and needs met in appropriate ways; how you cope with stress and changes in your environment; and whether you take care of your own health, possessions, and living area."  20 C.F.R. § 416.926a(k).

The ALJ's finding that Plaintiff had a less than marked limitation in this functional domain is supported by the opinion of the medical expert, Dr. Rozenfeld, Tr. 75-76, and the state agency psychologists, Tr. 94, 105.  Tr. 31-32.  As discussed in Section A above, the ALJ provided sufficient rationale for discounting Ms. Visaya's opinion with respect to the domain of caring for oneself,

Tr. 436. *See supra*. Moreover, the record shows Plaintiff performed personal care age appropriately as well as household chores, and Plaintiff was physically active, hanging out with friends and going for walks, Tr. 441, and participating in her school's dance team, Tr. 61, 68, 382. Tr. 26, 29, 31.

Plaintiff asserts the ALJ erred by failing to consider Ms. Montemayor-Vierra's teacher questionnaire form which noted serious problems in the domain of caring for oneself, Tr. 259. ECF No. 19 at 16-17. However, as Dr. Rozenfeld indicated at the administrative hearing, Tr. 75-76, Plaintiff's ELA/Math teacher identified no issues in the same areas with respect to caring for oneself, Tr. 284.

Plaintiff additionally argues the record demonstrated Plaintiff engaged in self-harm behaviors of cutting. ECF No. 19 at 17. As noted by Dr. Rozenfeld, Tr. 76, and corroborated by a review of the evidence of record, there is no substantiation of Plaintiff's self-harming behavior other than the testimony of Plaintiff's mother. As determined in Section C above, the ALJ provided germane reasons, supported by substantial evidence, for discounting the statements of Maria P. *See supra*.

Plaintiff also indicated she tended to isolate in her room and avoid others, became frustrated and angry, and failed to communicate or advocate for herself. ECF No. 19 at 17. The record does not reflect that these reported behaviors rise to the level of a marked limitation in this domain.

Based on the foregoing, the Court concludes the ALJ's findings pertaining to the domains are supported by substantial evidence. Since Plaintiff did not have marked limitations in at least two domains or an extreme limitation in one domain, the ALJ did not err by finding Plaintiff did not functionally equal the Listings. *See* 20 C.F.R. § 416.926a(d).

///

///

///

ORDER GRANTING DEFENDANT'S MOTION . . . - 17

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and free of legal error. Accordingly, **IT IS ORDERED:**

1.     Defendant's Motion for Summary Judgment, **ECF No. 20**, is **GRANTED**.

2.     Plaintiff's Motion for Summary Judgment, **ECF No. 19**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.  Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED January 8, 2021.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION . . . - 18